[Cite as *State v. Williams*, 2025-Ohio-5309.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 01 0009 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 23 CRI 06 0308 |
| RICO WILLIAMS, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: November 24, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Prosecuting Attorney, KATHERYN L. MUNGER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1} The appellant, Rico Williams, appeals the jury's verdict finding him guilty of Possession of a Fentanyl-Related Compound. Appellee is the State of Ohio. For the reasons set forth below we affirm the decision of the trial court.

**STATEMENT OF FACTS AND THE CASE**

{¶2} On or about February 22, 2023, Ohio State Highway Patrol Sergeant James King observed a vehicle traveling northbound on Interstate 71 in Delaware County, Ohio. The appellant was subsequently identified as the operator of the vehicle. Sergeant King noted that the vehicle was making excessive noise, and initiated a traffic stop due to the vehicle's loud exhaust. Upon making contact with the vehicle, Sergeant King observed the appellant in the driver's seat and a female later identified as S.S. in the front

passenger seat. The appellant provided his identification card, after which Sergeant King discovered that the appellant had a suspended license and a pending warrant. Upon the arrival of backup, Sergeant King initiated an arrest of the appellant based upon the outstanding warrant. A search incident to said arrest revealed a digital scale with white powder residue inside the appellant's jeans pocket. Sergeant King then made contact with S.S., who informed him that there were two firearms in the car. S.S. provided those loaded weapons to Sergeant King upon request. S.S. also gave Sergeant King three small plastic baggies containing suspected drugs. S.S. denied ownership of both the guns and the suspected drugs.

{¶3} Sergeant King returned to the appellant and read him his Miranda rights, at which time the appellant admitted he had handed the drugs and guns to S.S. when they were being pulled over. In addition, the appellant stated the drugs were "Meth, Crack, and Fentanyl." The appellant even provided information regarding what he had paid for the drugs. The appellant's admissions were captured on the rear dash camera of Sergeant King's patrol car.

{¶4} Sergeant King subsequently test-fired both firearms and found them to be operable. In addition, the suspected drugs were sent for laboratory testing. The test results confirmed the presence of Methamphetamine in the amount of approximately 6.6809 grams; Cocaine in the amount of approximately 1.1842 grams; and, Fentanyl compound in the amount of 13.6475 grams. Further, a search of the appellant's record revealed a prior conviction for felony drug possession.

{¶5} The appellant was indicted by the Delaware County Grand Jury on June 8, 2023, on the following:

- Count One: Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A) and 2925.11(C)(11)(d), a felony of the second degree, with a one year firearm specification pursuant to R.C. 2941.141(A);

- Count Two: Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and 2925.11(C)(1)(b), a felony of the third degree, with a one year firearm specification pursuant to R.C. 2941.141(A);

- Count Three: Possession of Cocaine in violation of R.C. 2925.11(A) and 2925.11(C)(4)(a), a felony of the fifth degree, with a one year firearm specification pursuant to R.C. 2941.141(A);

- Count Four: Having Weapons While Under Disability in violation of R.C. 2923.13(A)(3) and 2923.13(B), a felony of the third degree; and,

- Count Five: Having Weapons While Under Disability in violation of R.C. 2923.13(A)(3) and 2923.13(B), a felony of the third degree.

The appellant pleaded not guilty at his August 16, 2024, arraignment, and the matter proceeded to a jury trial on November 26, 2024. The appellee presented its case and rested, and the appellant moved for acquittal pursuant to Crim.R. 29(A), which the court denied. The jury found the appellant guilty on all five counts, with further findings as to the firearm specifications contained in Counts One, Two, and Three, and the amount of drugs in Counts One and Two.

{¶6} The appellant filed a timely appeal in which he sets forth the following two assignments of error:

**{¶7}** "I. THE STATE'S EVIDENCE THAT WILLIAMS POSSESSED A FENTANYL-RELATED COMPOUND AS TO COUNT ONE, WAS LEGALLY INSUFFICIENT AS A MATTER OF LAW."

**{¶8}** "II. THE EVIDENCE ALSO WEIGHED MANIFESTLY AGAINST CONVICTING WILLIAMS OF POSSESSING A FENTANYL-RELATED COMPOUND."

## STANDARD OF REVIEW

**{¶9}** The appellant challenges his conviction on Count One, Possession of a Fentanyl-Related Compound, on both sufficiency of the evidence and manifest weight grounds. Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley,* 2021-Ohio-2207, as follows:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury

verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 219.

*Id.* at ¶57. Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

{¶10} Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 386–387 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 1997–Ohio–355. The *Thompkins* Court stated:

> . . . Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra,* at 1594.

*Id.* at 387. The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs,* 457 U.S. at 42, 102 S.Ct. at

2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.* The Court in *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77 (1984), stated further:

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Id.* at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

## ANALYSIS

**{¶11}** Although sufficiency of the evidence and manifest weight entail different legal concepts, both entail a review of the record, and as such we shall address the appellant's assignments of error together.

**{¶12}** The appellant argues that his conviction on Count One, Possession of a Fentanyl--Related Compound, was based upon insufficient evidence and was against the manifest weight of the evidence. R.C. 2925.11(A) defines drug possession offenses, and states that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(C)(9) provides further:

(C) Whoever violates division (A) of this section is guilty of one of the following:

\* \* \*

(9) If the drug involved in the violation is a compound, mixture, preparation, or substance that is a combination of a fentanyl-related compound and marihuana, one of the following applies:

(a)    Except as otherwise provided in division (C)(9)(b) of this section, the offender is guilty of possession of marihuana and shall be punished as provided in division (C)(3) of this section. Except as otherwise provided in division (C)(9)(b) of this section, the offender is not guilty of possession of a fentanyl-related compound under division (C)(11) of this section and shall not be charged with, convicted of, or punished under division (C)(11) of this section for possession of a fentanyl-related compound.

(b)     If the offender knows or has reason to know that the compound, mixture, preparation, or substance that is the drug involved contains a fentanyl-related compound, the offender is guilty of possession of a fentanyl-related compound and shall be punished under division (C)(11) of this section.

{¶13} The appellant argues that R.C. 2925.11(C)(9)(a) applies, that there was insufficient evidence to establish that the sample tested by the Ohio State Highway Patrol criminalist did not contain marijuana, and that as a result his conviction on Count One, Possession of a Fentanyl-Related Compound, must be reversed. This argument is wholly without merit. The appellant admitted to Sergeant King that the drugs (as well as the guns) were his, and that one of the baggies of drugs contained fentanyl. The appellant's admission was recorded by the rear dash camera in Sergeant King's patrol car. King testified at trial, and the rear dash camera footage was played for the jury.

{¶14} Each element of Count One, Possession of a Fentanyl-Related Compound, was established during trial. First, Sergeant King identified the appellant as the individual King pulled over and the individual who admitted to possessing the drugs. Second, the appellant admitted to Sergeant King to knowingly possessing fentanyl. The jury heard this admission when it viewed the rear dashcam footage from Sergeant King's patrol car. Third, the fentanyl was positively identified by Ohio State Highway Patrol Drug Chemistry Section criminalist Ashley Humphrey, who testified at trial regarding her testing protocol in general, and the results of her tests in this case in particular.

{¶15} The appellant submits that Ms. Humphrey's testimony is insufficient and against the manifest weight of the evidence because she did not test the sample for the

presence of marijuana and, as a result, R.C. 2925.11(C)(9)(a) applies to render the appellant not guilty of possession of a fentanyl-related compound. However, R.C. 2925.11(C)(9)(a) specifically qualifies its application with the language "[e]xcept as otherwise provided in division (C)(9)(b) of this section." Division (C)(9)(b) states that "[i]f the offender knows or has reason to know that the compound, mixture, preparation, or substance that is the drug involved contains a fentanyl-related compound, the offender is guilty of possession of a fentanyl-related compound." The appellant specifically told Sergeant King that one of the baggies of drugs contained fentanyl, and this admission was captured on video which was played for the jury – evidencing the fact that the appellant knew that the drug involved was a fentanyl-related compound. Accordingly, R.C. 2925.11(C)(9)(a) does not apply.

{¶16} The jury heard the testimony of the witnesses and viewed all the evidence, deliberated, and found the appellant guilty of, inter alia, Possession of a Fentanyl-Related Compound. We cannot say, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of said crime beyond a reasonable doubt. Nor can we say that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The appellant's assignments of error numbers one and two are, therefore, without merit.

## CONCLUSION

{¶17} Based upon the foregoing, we find that the appellant's conviction on Count One, Possession of a Fentanyl-Related Compound, was supported by sufficient evidence, and was not against the manifest weight of the evidence. Accordingly, the

appellant's assignments of error numbers one and two are overruled, and the judgment of the Delaware County Court of Common Pleas is hereby affirmed.

{¶18} Costs to appellant.

By: Baldwin, P.J.

Hoffman, J. and

Montgomery, J. concur.